# EXHIBIT B

**(Hart Declaration)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re: : Chapter 11
:
COMCAR INDUSTRIES, INC., *et al.*,[1] : Case No. 20-11120 (LSS)
:
Debtors. : (Joint Administration Requested)
:
:
---------------------------------------------------------------x

**DECLARATION OF BILLY HART IN SUPPORT OF THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (II) AUTHORIZING THE SELLERS TO LEASE CERTAIN NONRESIDENTIAL REAL PROPERTY LOCATED IN ST. GABRIEL, LOUISIANA, MOBILE, ALABAMA, JACKSONVILLE, FLORIDA, TAMPA, FLORIDA, ATLANTA, GEORGIA, AND ANGLETON, TEXAS TO THE PURCHASER, (III) AUTHORIZING THE SELLERS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, (IV) APPROVING BIDDER PROTECTIONS, AND (IV) GRANTING OTHER RELATED RELIEF**

I, Billy Hart, hereby declare under the penalty of perjury:

1. I am the managing partner at Bluejay Advisors, LLC ("Bluejay"), investment banker to the above-captioned debtors and debtors in possession (together, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases").

2. I submit this Declaration (this "Declaration") in support of certain relief requested in the *Motion of the Debtors for Entry of an Order (I) Authorizing the Private Sale of Certain*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 9th Place Newberry, LLC (0359); 16th Street Pompano Beach, LLC (0278); CCC Spotting, LLC (0342); CCC Transportation, LLC (1058); Charlotte Avenue Auburndale, LLC (2179); Coastal Transport, Inc. (2918); Coastal Transport Logistics, LLC (7544); Comcar Industries, Inc. (8221); Comcar Logistics, LLC (2338); Comcar Properties, Inc. (9545); Commercial Carrier Corporation (8582); Commercial Carrier Logistics, LLC (7544); Commercial Truck and Trailer Sales Inc. (0722); Cortez Blvd. Brooksville, LLC (2210); CT Transportation, LLC (0997); CTL Distribution, Inc. (7383); CTL Distribution Logistics, LLC (7506); CTL Transportation, LLC (0782); CTTS Leasing, LLC (7466); Detsco Terminals, Inc. (9958); Driver Services, Inc. (3846); East Broadway Tampa, LLC (2233); East Columbus Drive Tampa, LLC (3995); Fleet Maintenance Services, LLC (1410); MCT Transportation, LLC (0939); Midwest Coast Logistics, LLC (7411); Midwest Coast Transport, Inc. (0045); New Kings Road Jacksonville, LLC (4797); Old Winter Haven Road Auburndale, LLC (4738); W. Airport Blvd. Sanford, LLC (0462); Willis Shaw Logistics, LLC (7341); WSE Transportation, LLC. The corporate headquarters and the mailing address for the Debtors listed above is 8800 Baymeadows Way West, Suite 200, Jacksonville, Florida 32256.

*Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (II) Authorizing the Sellers to Lease Certain Nonresidential Real Property Located in St. Gabriel, Louisiana, Mobile, Alabama, Jacksonville, Florida, Tampa, Florida, Atlanta, Georgia, and Angleton, Texas to the Purchaser (III) Authorizing the Sellers to Assume and Assign Certain Executory Contracts, (IV) Authorizing Bidder Protections, and (V) Granting Other Related Relief* (the "CTL Sale Motion"),[2] filed contemporaneously herewith.  By the CTL Sale Motion, the Debtors seek entry of an order (i) authorizing the Debtors to enter into and consummate that certain Asset Purchase Agreement (the "Purchase Agreement"), by and between Comcar Industries, Inc., CTL Transportation, LLC, and certain of their subsidiaries and affiliates (the "Sellers") and Adams Resources & Energy, Inc. and Service Transport Company (the "Purchaser") for the private going concern sale of substantially all of the assets (the "Acquired Assets") of CTL Transportation, LLC (the "Company"), (ii) authorizing the Sellers, as landlord, to lease certain nonresidential real property located St. Gabriel, Louisiana, Mobile, Alabama, Jacksonville, Florida, Tampa, Florida, Atlanta, Georgia, and Angleton, Texas to the Purchasers, as tenant, (iii) authorizing the Sellers to assume certain executory contracts and unexpired leases (the "Assumed Contracts"), and to assign the Assumed Contracts to the Purchaser pursuant to the Purchase Agreement and the Sale Order; and (iv) granting related relief.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, financial condition and marketing and sale efforts; information learned from my review of relevant documents; and discussions with potential purchasers, and information provided to me by management, advisors, employees, or

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the CTL Sale Motion.

EAST\174087478                                       2

other representatives of Bluejay and the Debtors. If I were called as a witness, I would testify consistently with the facts set forth in this Declaration.

4. Bluejay is a management and investment consulting firm comprising senior business professionals that specialize in improving clients' financial and operational performance by delivering a variety of solutions. Bluejay delivers results through tailored services and functional expertise in strategic planning and project management. Bluejay has been involved in a number of multi-million dollar representations involving the transportation and logistics industries.

5. I am a co-founder and managing partner of Bluejay Advisors. For the last twenty-five years, I have specialized in distressed assets, mergers and acquisitions, sales, and business analysis with a specialty in logistics and transportation. My notable transactions include Mapleleaf Distribution Services, Inc., Michael Dusi Logistics, KJM Capital, Harbert Management Corporation, Armstrong Transport Group, LTX Freight Management, Taylor Express, Inc., and NRS/Keystone Freight Group.

6. Bluejay was first engaged by the Debtors in March 2020 to advise the Debtors with respect to strategic transactions to recapitalize or restructure the business. As part of this process, Bluejay assisted the Debtors with the preparation of marketing materials and due diligence information in support of potential sale transactions of certain of the Debtors, and in contacting and soliciting indications of interest from potential purchasers. During this process, Bluejay's professionals worked closely with the Debtors' management and other professionals and, as a result, have become well acquainted with the Debtors' history, business operations, capital and corporate structure and related matters. Accordingly, Bluejay has developed substantial knowledge regarding the Debtors' business and financial affairs.

7. Bluejay began marketing the Acquired Assets in March 2020. This process involved extensive business discussions and telephone calls among potential purchasers' senior management, and numerous parties' legal teams and various advisors.

8. With respect to the Company, Bluejay contacted a total of thirty-six (36) prospective purchasers. As a result of the marketing process, eleven (11) executed non-disclosure agreements (each, an "NDA"). Each party that executed an NDA then received: (a) a confidential information memorandum (the "CIM"); and (b) access to an online data room, to facilitate due diligence. In the first round process letter, the Debtors requested that interested parties submit an indication of interest by April 1, 2020 and thereafter continue to engage with each party expressing interest.

9. As discussed in the Motion, Mark Bostick ("Bostick"), the former owner of Comcar Industries, Inc., holds a right of first offer (the "ROFO") pursuant to that certain Shareholders Agreement, dated as of November 16, 2016. In accordance with the ROFO, Bluejay marketed the Company's assets to Bostick. In respect of the ROFO, Bluejay marketed CTL to Bostick.

10. As a result of Bluejay's marketing efforts, the Debtors received an indication of interest from three parties, including the Purchaser, for the Acquired Assets and commenced negotiating the Purchase Agreement. However, two of the parties withdrew their interest.

11. Following substantial arms' length, good faith negotiations between Purchaser and the Debtors, Purchaser agreed to purchase the Seller Facilities for $9,000,000 plus the assumption of certain liabilities, plus specified cure amounts for the Assumed Contracts.

12. Purchaser's offer was at or above Debtors' expectations of value for the Acquired Assets should the Debtors have conducted an auction.

13. Bluejay understands that the Debtors' liquidity constrains the time within wihc Bluejay may continue to market the Acquired Assets, however, Bluejay believes that additional time will not yield a higher or better offer than that represented by the Purchase Agreement. Bluejay understands that the Debtors have reserved a fiduciary out under the Purchase Agreement will continue to provide diligence to any party expressing an interest in the Acquired Assets.

14. Given that (a) the Purchaser has evidenced an ability to continue to operate the Acquired Assets as a going concern, (b) the Purchaser can consummate the private sale transaction sooner than should the Debtors could if they were to continue to market the Acquired Assets and auction them with the other Remaining Assets, and (c) the Debtors did not receive any other potential bids and indications of interest, I believe it is unlikely that an auction process for the Acquired Assets would result in a greater net recovery to the creditors.

15. Therefore, given the time sensitive nature of the offer and beneficial terms, I believe that the private sale of the Acquired Assets pursuant to the Purchase Agreement is in the best interests of the Debtors and their estates.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 17, 2020

Respectfully submitted,

By: *William E Hart*
Billy Hart
Managing Partner
Bluejay Advisors, LLC